UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANGELA DELAURENTIS, EVELYN BLUBERG,
et al.,

                                                                          96-CV-5119 (LDW)

            Plaintiffs,

                                                                       ORDER

   -against-

JOB SHOP TECHNICAL SERVICES, INC., et al.,

            Defendants.
----------------------------------------------------------------X

WEXLER, District Judge

      In connection with the above-captioned case, the Court-appointed Independent Trustee, John Braslow ("the Trustee") has advised the Court that the remaining funds currently being held in a Trust account at the Bank of New York ("the Trust") are insufficient to create a second distribution to the prior participants of the Job Shop 401(k) Profit Sharing Plan and Trust ("the Plan"). More particularly, a prior distribution of funds amassed through the settlement of a class action litigation returned to the participants over ninety percent of the principal of their accounts as they existed prior to a significant defalcation by the president of the Job Shop, Inc.

      At this point in time, out of over four hundred (400) participants located nationwide, there remains only one participant who, despite all efforts and notices, did not respond to inquiries regarding his election for the return or reinvestment of his funds. That participant, Steven Erlanson, has a balance of $72, 350.00 in his Trust account. After segregation of that amount from the balance of the Trust, there remains approximately $212,900.00 as residual monies in the Trust. It is the Trustee's position that it would be impracticable to recalculate and analyze the pro rata shares of the participants, pay the requisite bank and Trust fees and endeavor a second

distribution to the hundreds of participants across the country. Accordingly,

**IT IS HEREBY ORDERED THAT:**

A check in the amount of $72,500, from The Bank of New York account number 186860, be made payable to the Clerk of the Court for the Eastern District of New York. The Clerk of the Court shall hold this amount, in an interest-bearing account, for a period of two years from the date of this order. In the event that no contact is made, either with the court or the Trustee, by Steven Erlanson within two years of the date of this order, the Clerk of the Court is to report that fact to this court and an order distributing those funds will be made at that time.

**IT IS FURTHER ORDERED THAT:**

After deduction of all relevant bank and Trust fees, a check in the amount of the remainder of the funds from The Bank of New York account number 186860, is to be made payable, and forwarded to, the Clerk of the Court for the Eastern District of New York. Upon receipt of this check, the Clerk of the Court is directed to hold the funds in an interest bearing account pending further order of this court.

Checks ordered distributed pursuant to this order are to be made payable to: "The Clerk of the Court, Eastern District of New York," and are to be forwarded to the following address:

Robert C. Heinemann, Clerk of the Court
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       March 18, 2008